# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. MICHAEL R. FLOYD

**Circuit Court for Hardin County**
**No. 7804**

---

**No. W1999-01018-CCA-R3-CD  - Filed February March 1, 2001**

---

### ORDER

The defendant Michael R. Floyd pled guilty to possession with intent to sell over .5 grams of cocaine and over one half ounce of marijuana. For these offenses he received agreed upon sentences of eight (8) years and one (1) year, respectively, as a Range I, standard offender. In addition, his plea agreement included two-thousand dollar ($2,000.00) fines for each offense. Following a subsequent sentencing hearing, the trial court ordered the sentences to run concurrently to one another and the defendant to serve six months of this period in the county jail with the remainder to be served on supervised probation. The defendant thereafter brought this appeal contending that the trial court erred by ordering him to serve a period of incarceration. However, we are unable to determine whether error occurred because of the insufficiency of the record on appeal. Therefore, we affirm the judgment of the trial court pursuant to Rule 20 of the Court of Criminal Appeals.

On appeal, the burden is on the appealing party to show that the sentencing is improper. See Tenn. Code Ann. §§ 40-35-401(d), -402(d), Sentencing Commission Comments. In order to satisfy that burden, a defendant bringing an appeal must provide a record conveying "a fair, accurate and complete account of what transpired with respect to the issues" presented for review. State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). When "the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, ... [the] appellate court is precluded from considering the issue." Ballard, 855 S.W.2d at 560-561; see also, T.R.A.P. 24(b). "Instead, the appellate court must conclusively presume the ruling of the trial court ... was correct." State v. Griffis, 964 S.W.2d 577, 593 (Tenn. Crim. App. 1997). In this case, we are unable to review the trial court's sentencing procedure because the defendant has provided this Court with neither the transcript of the guilty plea nor the sentencing hearing. Thus, we must assume that the trial court complied with the purposes of the Criminal Sentencing Reform Act of 1989 when it ordered the defendant to be incarcerated for a portion of his sentence. Accordingly, we affirm the trial court's judgment pursuant to Rule 20, Tennessee Court of Criminal Appeals. The defendant may remain on bond, with a twenty-five percent increase, pending appeal to the Supreme Court. Costs of this appeal will be paid by the defendant.

_____

JERRY L. SMITH, JUDGE


_____

JOSEPH M. TIPTON, JUDGE


_____

JOE G. RILEY, JUDGE